THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LOUIS HARRIS, Defendant-Appellant.

First District (5th Division)   No. 1—87—0116

Opinion filed March 9, 1990.—Rehearing denied April 5, 1990.

Michael J. Pelletier and Ann C. McCallister, both of State Appellate Defender's Office, of Chicago, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Marilyn F. Schlesinger, Special Assistant State's Attorney, and Inge Fryklund and James E. Fitzgerald, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LORENZ delivered the opinion of the court:

Following a jury trial, defendant Louis Harris was convicted of the armed robbery and aggravated battery (Ill. Rev. Stat. 1985, ch. 38, pars. 18—2, 12—4(b)(1)) of Johnnie Wilson, a cab driver.

We affirm.

The incident giving rise to this appeal occurred on the night of March 28, 1986. After hailing a cab driven by Wilson, defendant asked to be taken to 45th Street and Saint Lawrence Avenue in Chicago. En route, Wilson stopped at a liquor store, at defendant's request, so that defendant could obtain change for the fare. According to Wilson, the sole occurrence witness, as he approached the destination, defendant held a gun to the back of his head, instructed Wilson to park the cab, and proceeded to rob him. A struggle ensued and the gun fired. According to defendant, he had no gun and had merely asked Wilson to park and briefly wait while he spoke to another individual about a moving job before proceeding on to 44th Street and Cottage Grove Avenue. An argument ensued when Wilson told defendant he would not take him to that address because it was in a public housing project. The argument escalated into a physical fight during which Wilson produced a gun. As the struggle continued, the gun fired.

It is undisputed that two shots were fired from the gun. The first bullet grazed Wilson's left leg. The second bullet struck Harris' left forearm.

In corroboration of Wilson's testimony, the State presented testimony of Chicago police officer Wayne Campbell, who responded to Wilson's telephone call, Dr. Jean Claude Jacob, a physician at Provident Hospital who treated both Wilson and defendant, Terry White, an emergency room nurse at the hospital who also treated defendant, and Cook County Assistant State's Attorney John Malevitis, who interviewed both Wilson and defendant at the hospital.

Defendant alone testified in his defense.

We detail further facts below in consideration of the contentions raised by defendant on appeal.

Opinion

# I

Prior to commencement of defendant's sentencing hearing, counsel for defendant filed, and the trial judge then considered, a motion prepared by defendant's counsel for a new trial. The motion was denied. After denying that motion, the trial judge considered comments from the State and defendant's counsel in aggravation and mitigation for sentencing purposes. The trial judge then asked defendant if he wanted to say anything. At that time, defendant indicated that, in addition to counsel's motion, defendant desired to present a handwritten *pro se* motion for a new trial based on ineffective assistance of trial counsel. The trial judge permitted that motion to be filed as an addendum to defendant's counsel's motion. The trial judge promptly denied that motion and proceeded to impose sentence.

On appeal, defendant argues the failure of the trial judge to properly consider defendant's *pro se* motion and to appoint other counsel to represent defendant in a post-trial hearing on the ineffectiveness issue constituted error under *People v. Krankel* (1984), 102 Ill. 2d 181, 464 N.E.2d 1045.

*Krankel*, however, has not been interpreted as establishing a *per se* rule that all *pro se* motions for a new trial by defendants alleging ineffective assistance of trial counsel mandate appointment of new counsel. (*People v. Washington* (1989), 184 Ill. App. 3d 703, 540 N.E.2d 1014.) Instead, it has been observed:

> "[T]he trial court should examine the factual matters underlying the defendant's claim, and, if the claim lacks merit or pertains to matters of trial strategy, then no new counsel need be appointed. Only if the allegations show possible neglect of the case for which counsel could undertake an independent evaluation of defendant's complaint and present the matter to the court should new counsel be appointed." *Washington*, 184 Ill. App. 3d at 711, 540 N.E.2d at 1019.

Although the record reflects that the trial judge did not give lengthy consideration to the content of defendant's *pro se* motion, the above considerations provide guidance in determining whether the trial judge's denial of the motion was nevertheless proper. Where defendant's assertions do not indicate neglect of the type alluded to above, there would exist no basis to disturb the ruling on the motion below.

Defendant's post-trial motion in the instant case consists of a two-page "Notice of Motion for a New Trial or Arrest of Judgment," and an

attached 10-page "Affidavit in Support of Motion for New Trial or Arrest of Judgment." Pertinent to the allegation of ineffective assistance of trial counsel, the affidavit focuses on the failure to subpoena witnesses on defendant's behalf. Specifically, the affidavit states the attorney defendant retained, E. Duke McNeal, had passed the case on to an associate, Akim Gursel, defendant's trial counsel. However, defendant was not made aware of McNeal's "disassociation" with the case until the trial commenced. Further, on the day prior to trial, defendant stated, Gursel indicated he had not made contact with the defendant's witnesses and was not sure if McNeal had spoken with them. Gursel had indicated he would attempt to contact those witnesses. The affidavit also states Gursel was not familiar with the case. Defendant stated he was led to believe that McNeal had given Gursel the necessary information to try the case but that it was evident Gursel was without subpoenas to call forth witnesses on defendant's behalf.

When given opportunity to argue his motion orally, defendant reiterated his assertion regarding subpoenas not being issued to have family members and fellow workers called forth to testify.

Defendant's assertions do not support a basis to determine that the trial judge's denial of defendant's motion without appointing new counsel was improper. The record discloses several discussions between defendant's counsel and the trial judge regarding the subpoenas and whether counsel was going to present witnesses in addition to defendant. Defendant's counsel stated that subpoenas were prepared, but he was informed that the subpoenas had not been served. However, counsel stated that he had been assured, during *voir dire*, by a woman interested in defendant's case, that those witnesses would voluntarily appear in court to testify on defendant's behalf. The record also discloses that, following defendant's testimony, the trial judge adjourned court early to permit counsel additional time to produce the witnesses before resting. On the following day, counsel stated that he had been unsuccessful in personally attempting to contact the witnesses.

More importantly, however, defendant's counsel's offer of proof as to what the witnesses would testify to, if produced, removes any doubt that the issue with respect to the subpoenas could support an assertion of ineffective assistance of trial counsel. Defendant's counsel stated one of the witnesses, a woman, would testify defendant was on his way to speak to her on the night of the incident about helping her move. The other witnesses would also testify defendant took the cab to 45th Street and Saint Lawrence Avenue to inquire about a moving job.

Thus, the witnesses were neither alibi nor occurrence witnesses, and their testimony, at best, would merely corroborate, and be cumulative to, defendant's own account of why he had hired the cab. We find no reason to conclude that the allegations regarding the failure to subpoena those witnesses could provide the type of evidence of neglect for which an independent evaluation by new counsel would be warranted. We therefore conclude denial of defendant's motion was proper.

## II

Following selection of the jury and two alternates, the trial judge indicated for the record that defendant's counsel had objected, during *voir dire*, to the State's use of peremptory challenges to excuse black venirepersons because of their race. However, observing that the jury included three black individuals and noting that both alternate jurors were black, the trial judge found defendant had failed to establish a *prima facie* case of discrimination based on exclusion of blacks from the jury.

Defendant now contends the trial judge erred in that determination and that the case should be remanded for a hearing pursuant to *Batson v. Kentucky* (1986), 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712.

We decline to reach the merits of that argument because we conclude defendant has failed to properly preserve the issue for review.

In *People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124, the supreme court reaffirmed that, in this State, in non-capital cases, *both* a timely trial objection *and* a written post-trial motion raising the issue are required to preserve an issue for consideration on appeal. (*Enoch*, 122 Ill. 2d at 186, 522 N.E.2d at 1130.) The court observed that while the requirement of a trial objection is designed to permit opportunity to correct the error at trial (see *People v. Carlson* (1980), 79 Ill. 2d 564, 577, 404 N.E.2d 233, 239), the requirement of a written post-trial motion is statutory. *Enoch*, 122 Ill. 2d at 186-87, 522 N.E.2d at 1130.

Although, in the case at bar, defendant's counsel made timely objection to the State's exercise of peremptory challenges, neither the post-trial motion filed by defendant's counsel nor defendant's *pro se* motion addresses the issue. We find that failure fatal to presentation of the issue on review.

Defendant argues that the timely objection was alone sufficient to preserve the issue for review, citing *People v. Whaley* (1989), 184 Ill. App. 3d 459, 540 N.E.2d 421, in which defendant's contention on appeal pursuant to *Batson* was considered notwithstanding defendant's

failure to include that issue in his written post-trial motion. Concluding defendant had not waived the opportunity to raise the issue, the court in *Whaley* cited the supreme court's "recognition in [*People v. Evans* (1988), 125 Ill. 2d 50, 530 N.E.2d 1360] that *Batson* requires only a 'timely objection' to the State's use of peremptory challenges." *Whaley*, 184 Ill. App. 3d at 465, 540 N.E.2d at 425.

*Evans*, however, cannot be read to stand for that proposition. Pertinent here regarding waiver of a contention pursuant to *Batson*, the supreme court, in *Evans*, determined defendant had waived any right to assert that Mary Patton, a black venireperson, had been improperly excused by the State. In its decision, the court did indeed state, "*Batson* requires that the defendant make a timely objection to the prosecutor's peremptory challenge." (*Evans*, 125 Ill. 2d at 61, 530 N.E.2d at 1364.) However, that statement cannot be read out of context as delineating some new minimum requirement, specifically applicable to a contention on appeal pursuant to *Batson*, which would preserve the issue for review in a departure from the waiver doctrine reaffirmed in *Enoch*. First, the supreme court noted the defense in *Evans* had failed to object either at trial or in post-trial motions to the exercise of the peremptory challenge of Mary Patton and, because the objection was being raised for the first time on appeal, the court considered the objection waived. (*Evans*, 125 Ill. 2d at 62, 530 N.E.2d at 1364.) At no place in the court's analysis is it even remotely suggested that, had the defense timely objected to the use of a peremptory challenge to excuse Mary Patton at trial, that objection, alone, would be sufficient to preserve the issue for review. Moreover, in *Batson*, the Supreme Court's only reference regarding timely trial objection occurs in the Court's observation that its holding would not create serious administrative difficulties and that, in the case before it, the defendant's objection had, in fact, been timely. (See *Batson*, 476 U.S. at 99-100, 90 L. Ed. 2d at 89-90, 106 S. Ct. at 1724-25.) The Court simply did not address itself to what might constitute waiver for purposes of appeal in application of its holding.

Therefore, we find no basis to conclude that the requirements as to waiver of issues on appeal set forth in *Enoch* should not be applied in the case at bar. And, because defendant failed to include objection to the State's use of peremptory challenges in either post-trial motion, we conclude defendant has waived the issue.

### III

Defendant received concurrent prison sentences for armed robbery and aggravated battery.

Defendant now contends the cause must be remanded for a new sentence because both aggravated battery counts were based on a single gunshot wound.

Contrary to defendant's assertion, the record discloses that the jury found defendant guilty of, and the trial judge sentenced defendant for, only one count of aggravated battery. The trial judge instructed the jury to find defendant guilty of aggravated battery if the jury determined defendant used a deadly weapon *or* if defendant knew Wilson was a driver of public transportation. Only one verdict form was provided for that purpose. Accordingly, the jury foreman's recitation of the verdict was limited to finding defendant "guilty of the offense of aggravated battery." Finally, in sentencing defendant, the trial judge stated:

> "The sentence *** will be fifteen years in the Department of Corrections as to the armed robbery, five years Department of Corrections as to *the* aggravated battery, concurrent both counts." (Emphasis added.)

Remand is therefore unnecessary.

For the above reasons, we affirm the judgment of the circuit court.

Affirmed.

MURRAY and GORDON, JJ., concur.